UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BHTT ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> -v- <br><br> JACK & MIKE'S BRICKHOUSE BAR & GRILLE INCORPORATED, <br><br> Defendant. | Civil Action No. _____ |

# COMPLAINT

Plaintiff BHTT Entertainment, Inc. ("Plaintiff" or "BHTT"), by its undersigned attorneys, alleges as follows for its Complaint against Defendant Jack & Mike's Brickhouse Bar & Grille Incorporated ("Defendant" or "BBG"):

## PARTIES

1. Plaintiff BHTT is, and at all relevant times has been, a corporation organized and existing under the laws of Texas, with a principal place of business in Harris County, Texas.

2. Defendant BBG is, and at all relevant times has been, a corporation organized and existing under the laws of New Jersey, with a principal place of business at 979 Cedarbridge Avenue, Brick, New Jersey 08723.

## **JURISDICTION AND VENUE**

3. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 § U.S.C. 1051 *et seq.* (the "Lanham Act"), and related claims under the laws of the State of New Jersey.

4. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. §§ 1114 and 1121 and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district, and pursuant to 28 U.S.C. §§ 1391(c) and 1391(d) because the activities of Defendant in this judicial district subject it to personal jurisdiction here.

## **FACTS**

### **BHTT, Its Business, and the BHTT BRICK HOUSE Marks**

6. BHTT owns and operates a chain of "gastropub" restaurant and bar establishments (the "BRICK HOUSE Restaurant(s)") that operate under the name and trademark BRICK HOUSE TAVERN + TAP.  BHTT's BRICK HOUSE Restaurants feature a wide variety of chef-inspired American food, as well as over 80 different beers and beer cocktails, served in a "tavern" atmosphere with flat screen TVs, leather recliners, and outdoor dining.  BHTT's menu includes a full

selection of food, including appetizers, salads, sandwiches, burgers, pizza, steak, pork, fish, and chicken. BHTT operates 23 different BRICK HOUSE Restaurants across ten states, including three (3) locations in New Jersey – specifically, in the cities of Neptune, Princeton, and South Plainfield.

7. BHTT commenced use of the mark BRICK HOUSE TAVERN + TAP at least as early as 2008. Since that time, this mark has been continuously in use by BHTT.

8. BHTT, through its predecessor in interest and licensee, has offered restaurant and bar services under the mark BRICKHOUSE BREWERY since at least as early as 1996.

9. BHTT, through its predecessor in interest and licensee, has offered restaurant services under the mark BRICK HOUSE SUBS since at least as early as 2006.

10. In addition to its established common law rights, BHTT is the owner of the following registrations issued by the United States Patent and Trademark Office:

| Trademark and Registration Number | Registration and First Use Dates | Goods/Services (International Classes) |
|---|---|---|
| **BRICK HOUSE TAVERN + TAP**<br><br>Reg. No. 3,943,731 | Registered<br>April 12, 2011<br><br>First Use / In Commerce:<br>October 28, 2008 | Restaurant services<br>(International Class 43) |
| **BRICK HOUSE TAVERN + TAP**<br><br>Reg. No. 3,815,051 | Registered<br>July 06, 2010<br><br>First Use / In Commerce:<br>October 28, 2008 | Bar services<br>(International Class 43) |
| *[brick house TAVERN+TAP logo]*<br><br>Reg. No. 3,815,053 | Registered<br>July 06, 2010<br><br>First Use / In Commerce:<br>October 28, 2008 | Bar services<br>(International Class 43) |
| **BRICK HOUSE SUBS**<br><br>Reg. No. 3,349,634 | Registered<br>December 04, 2007<br><br>First Use / In Commerce:<br>June 4, 2006 | Restaurant services<br>(International Class 43) |
| **BrickHouseBrewery**<br><br>Reg. No. 4,797,136 | Registered<br>August 25, 2015<br><br>First Use / In Commerce:<br>June 15, 1996 | Bar and restaurant services<br>(International Class 43)<br><br>Beer, ale, lager, stout and porter<br>(International Class 32) |

True and correct copies of the certificates for these registrations are attached as **Exhibit A** and incorporated by reference herein.  These registrations are valid, subsisting, and enforceable, and Registrations Nos. 3,349,634, 3,815,051 and 3,815,053 are incontestable pursuant to 15 U.S.C. § 1065.  BHTT's marks and logos incorporating "BRICK HOUSE" or "BRICKHOUSE" are collectively referred to herein as the "BHTT BRICK HOUSE Marks."

11.     Pursuant to the Lanham Act, BHTT's U.S. registrations for the BHTT BRICK HOUSE Marks constitute *prima facie* evidence of: (a) the validity of the BHTT BRICK HOUSE Marks and of the registrations for these marks; (b) BHTT's ownership of the BHTT BRICK HOUSE Marks; and (c) BHTT's exclusive right to use the BHTT BRICK HOUSE Marks on or in connection with the goods specified in the registrations.  15 U.S.C. §§ 1057(b) and 1115(a).  In addition, BHTT's registrations constitute constructive notice of BHTT's claim of ownership of the BHTT BRICK HOUSE Marks.  15 U.S.C. § 1072.

12.     The BHTT BRICK HOUSE Marks are inherently distinctive.

13.     BHTT has prominently and extensively used and promoted the BHTT BRICK HOUSE Marks in various media in the manners customary in the trade.

14.     BHTT promotes its restaurant and bar services under the BHTT BRICK HOUSE Marks through its Internet website located at brickhousetavernandtap.com.

15. BHTT has spent considerable time and money in promoting and advertising the restaurant and bar services in connection with which BHTT uses the BHTT BRICK HOUSE Marks.

16. As a result of BHTT's usage and promotion of the BHTT BRICK HOUSE Marks, the BHTT BRICK HOUSE Marks have become distinctive and serve to identify BHTT's restaurant and bar services, to distinguish these services from others, and to identify the source or origin of these services.

17. As a result of BHTT's usage, promotion and registration of the BHTT BRICK HOUSE Marks, BHTT has developed valuable goodwill and strong rights in the BHTT BRICK HOUSE Marks.

### Defendant's Wrongful Activities

18. Defendant is a corporation organized and doing business in the State of New Jersey, and is engaged in the operation of a restaurant and bar establishment in Brick, New Jersey.

19. Upon information and belief, Defendant opened a restaurant and bar in November 2010 under the name "Brickhouse Bar & Grille," at 979 Cedarbridge Avenue, Brick, New Jersey 08723.

20. Defendant's restaurant and bar is located: (i) approximately 15 miles from BHTT's BRICK HOUSE restaurant and bar in Neptune, New Jersey, which opened in December 2013, and (ii) approximately 39 miles from BHTT's BRICK

HOUSE restaurant and bar in Princeton, New Jersey, which opened in February 2015.

21. In July 2015, BHTT wrote to Defendant and demanded that it cease use of any mark incorporating the BRICK HOUSE Marks.

22. Defendant continues to advertise, promote, and market its restaurant and bar services, and have offered such services for sale, under the marks THE BRICKHOUSE, BRICKHOUSE, BRICKHOUSE BAR & GRILLE, JACK & MIKE'S BRICKHOUSE BAR & GRILLE, and variations thereof, as well as the logo shown below (collectively, the "BBG Infringing Marks"):



23. As illustrated in the attached **Exhibit B**, Defendant's restaurant and bar establishment features a full selection of menu items, including appetizers, soups, salads, sandwiches, burgers, pizza, steak & chops, chicken, and seafood, and a full selection of drinks. As described in the attached **Exhibit C**, Defendant's establishment also offers bar and dining areas with numerous TVs.

24. Upon information and belief, Defendant owns or controls the domain name brickhousebarandgrille.com.

25. Upon information or belief, Defendant operates an Internet website located at www.brickhousebarandgrille.com to advertise its restaurant and bar establishments under the BBG Infringing Marks.

26. As illustrated in the attached **Exhibit C**, the BBG Infringing Marks are prominently featured throughout Defendant's promotional and advertising material, including on its website, throughout its menus, and on the exterior signage for Defendant's restaurant and bar establishment.

27. Upon information and belief, Defendant promotes, offers for sale, and provides its restaurant and bar services under the BBG Infringing Marks in commerce in the United States, including in this judicial district, in direct competition with BHTT.

28. The BBG Infringing Marks are virtually identical to, and confusingly similar to, the BHTT BRICK HOUSE Marks.

29. Upon information and belief, Defendant's use of the BBG Infringing Marks began well after BHTT's adoption and use of the BHTT BRICK HOUSE Marks.

30. Defendant's use of the BBG Infringing Marks began after BHTT had applied for and registered its BRICK HOUSE TAVERN + TAP and BRICK HOUSE SUBS marks.

31. Upon information and belief, Defendant elected to use the BBG Infringing Marks in connection with restaurant and bar services with actual and/or constructive knowledge of BHTT's prior use of the BHTT BRICK HOUSE Marks in connection with restaurant and bar services.

32. Defendant's use of the BBG Infringing Marks in connection with restaurant and bar services is without the permission or authority of BHTT.

33. Defendant's use of the BBG Infringing Marks in connection with restaurant and bar services is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, sponsorship, approval, or affiliation of Defendant's business or services.  Consumers are likely to believe, erroneously, that Defendant's business or services are affiliated or connected with BHTT's services offered under the BHTT BRICK HOUSE Marks.

34. Defendant's restaurant and bar services offered under the Infringing Marks are marketed, promoted, and offered or sold to consumers within close proximity to BHTT's Brick House Restaurants.

35. Upon information and belief, Defendant intends to continue its use of the BBG Infringing Marks in connection with restaurant and bar services.

36. Defendant has damaged BHTT and are continuing to damage BHTT by its unlawful acts.  Unless Defendant is restrained by this Court, Defendant will

cause irreparable injury to BHTT and to the public for which there is no adequate remedy at law.

### COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

37. BHTT repeats and realleges each and every allegation of paragraphs 1 through 36 set forth above as if fully set forth again at length herein.

38. The acts of Defendant complained of herein constitute infringement of BHTT's federally registered marks in violation of 15 U.S.C. § 1114(1).

### COUNT II:  FEDERAL INFRINGEMENT OF UNREGISTERED TRADEMARKS

39. BHTT repeats and realleges each and every allegation of paragraphs 1 through 36 set forth above as if fully set forth again at length herein.

40. The acts of Defendant complained of herein constitute infringement of the BRICK HOUSE Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III:  FEDERAL USE OF FALSE DESIGNATIONS OF ORIGIN AND UNFAIR COMPETITION

41. BHTT repeats and realleges each and every allegation of paragraphs 1 through 36 set forth above as if fully set forth again at length herein.

42. The acts of Defendant complained of herein constitute use of false designations of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IV:  TRADEMARK INFRINGEMENT
### UNDER NEW JERSEY STATUTORY AND COMMON LAW

43. BHTT repeats and realleges each and every allegation of paragraphs 1 through 36 set forth above as if fully set forth again at length herein.

44. The acts of Defendant complained of herein constitute trademark infringement in violation of N.J. Stat. Ann. §§ 56:3-13.16 and the common law of the State of New Jersey.

### COUNT V:  UNFAIR COMPETITION UNDER
### NEW JERSEY STATUTORY AND  COMMON LAW

45. BHTT repeats and realleges each and every allegation of paragraphs 1 through 36 set forth above as if fully set forth again at length herein.

46. The acts of Defendant complained of herein constitute unfair competition in violation of N.J. Stat. Ann. §§ 56:4-1 to 2 and the common law of the State of New Jersey.

## COUNT VI: UNJUST ENRICHMENT

47. BHTT repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

48. Defendant has been and continues to be unjustly enriched at BHTT's expense by Defendant's unauthorized use of the BBG Infringing Marks in connection with Defendant's restaurant and bar services.

## PRAYER FOR RELIEF

WHEREFORE, having fully asserted its claims against Defendant, Plaintiff BHTT Entertainment, Inc. prays that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with it be preliminarily and thereafter permanently enjoined and restrained:

    a. From using any mark or name comprising "Brick" and "House," "Brickhouse," the BBG Infringing Marks, or the BHTT BRICK HOUSE Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the BRICK HOUSE Marks (collectively, the "Prohibited Designations");

      b.    From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples, and the like) containing any of the Prohibited Designations;

      c.    From registering, attempting to register, or maintaining any trademark, trade name, domain name, trade designation, or other indicia of origin or source containing any of the Prohibited Designations;

      d.    From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the BHTT BRICK HOUSE Marks;

      e.    From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of BHTT's trademark rights in the BHTT BRICK HOUSE Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of BHTT by, with, or of Defendant, and;

      f.    From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Consistent with paragraph (1)(a) above, Defendant be ordered to remove from sale, performance, or display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing any of the Prohibited Designations.

3. Defendant be required, within 30 days after entry and service of an injunction, to submit to the Court and serve upon BHTT a list of all domain names incorporating any of the Prohibited Designations and to promptly thereafter transfer to BHTT all such identified domain names, including (without limitation) the domain name "brickhousebarandgrille.com."

4. Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing or depicting any of the Prohibited Designations.

5. Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

6. Plaintiff recover all damages it has sustained as a result of the activities of Defendant.

7. Pursuant to 15 U.S.C. § 1117, Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

8. An accounting be directed to determine the profits of Defendant resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

9. Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

10. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees.

11. Plaintiff be awarded prejudgment and post-judgment interest.

12. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: December 9, 2015                    Respectfully submitted,

                                           KING & SPALDING LLP

                                              s/ Mark Francis
                                           Mark H. Francis
                                           1185 Avenue of the Americas
                                           New York, New York  10036
                                           Telephone:  212-556-2100
                                           Facsimile:  212-556-2222
                                           Email: mfrancis@kslaw.com


OF COUNSEL:

Kathleen E. McCarthy
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Email: kmccarthy@kslaw.com

Richard J. Groos
KING & SPALDING LLP
401 Congress Ave., Suite 3200
Austin, Texas  78701
Email: rgroos@kslaw.com

*Attorneys for Plaintiff*
BHTT Entertainment, Inc.